UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24741-ALTMAN

**MARK T. STINSON, SR.**,

    *Plaintiff*,

v.

**NATIONSTAR MORTGAGE, LLC**,
*d/b/a* **MR. COOPER**,

    *Defendant*.

_____/

## ORDER DENYING MOTION TO APPOINT COUNSEL

Before us is our *pro se* Plaintiff's Motion to Appoint Counsel and for Referral to the Volunteer Attorney Program ("Motion") [ECF No. 48]. For the reasons we out line below, we **DENY** the Motion.

\* \* \*

The Plaintiff brought this case against a mortgage broker for alleged misdeeds that occurred several years earlier in Tennessee. *See* Initial Complaint [ECF No. 1]. We dismissed that Initial Complaint as a shotgun pleading. *See* Order Denying the Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 9]. The Plaintiff then filed an Amended Complaint [ECF No. 12], which we again dismissed as a shotgun pleading. *See* Order Denying the Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 14]. When the Plaintiff filed his Second Amended Complaint [ECF No. 15], though, he paid the $405 filing fee, so his case could proceed. Still, we transferred that case to the Western District of Tennessee because "none of the Plaintiff's claims bear any relation to the Southern District of Florida." February 13, 2024, Order (the "Transfer Order") [ECF No. 35] at 1.

Several weeks later, we learned that the Plaintiff was appealing our Transfer Order. *See* Motion for Extension of Time [ECF No. 39] at 1; May 1, 2024, Paperless Order [ECF No. 40].[1] And then, a few weeks after that, the Plaintiff filed a Motion for Leave to Appeal *in Forma Pauperis* [ECF No. 45], which we denied without prejudice because it was procedurally deficient. *See* May 29, 2024, Paperless Order [ECF No. 47]. We gave the Plaintiff until June 29, 2024, to file a "proper motion [for leave to proceed *in forma pauperis*] and affidavit that complies with FED. R. APP. P. 24." *Ibid.* While the Plaintiff has not yet done that, he *has* filed this Motion to Appoint Counsel and for Referral to the Volunteer Attorney Program. Here's the entirety of that Motion:

> Comes now, the Plaintiff, Mark T. Stinson, Sr., . . . [who] moves this Honorable Court to appoint a[n] attorney for this matter, because the plaintiff is detained at this time, and can not access his notes or material need[ed] to proceed. Plaintiff is requesting counsel for this matter from the Volunteer Attorney Program.

Motion to Appoint Counsel and for Referral to the Volunteer Attorney Program.

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). But "a district court may appoint counsel for an indigent plaintiff." *Watkins v. Broward Sheriff's Office*, 771 F. App'x 902, 906 (11th Cir. 2019). "Requests for the appointment of counsel in civil matters, including those on appeal, are governed by 28 U.S.C. § 1915, which provides that '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Latimer v. Regency Palms Apartment*, 2021 WL 9595996, at *1 (M.D. Fla. Nov. 1, 2021) (Tuite, Mag. J.) (quoting 28 U.S.C. § 1915(e)(1)). "Appointment of counsel in a civil case is a 'privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Frederick v. Watson*, 2020 WL 13917782, at *1 (S.D.

---

[1] The Plaintiff also informed us that he had been "detained" by Tennessee law enforcement on February 13, 2024, *see* Motion for Extension of Time at 1, and he remains so to this day, *see* Motion to Appoint Counsel and for Referral to the Volunteer Attorney Program ("[B]ecause the Plaintiff is detained at this time, he cannot access his notes or material need[ed] to proceed.").

Ga. Dec. 4, 2020) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)); *see also Bass*, 170 F.3d at 1320 ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). In other words, "[a]ppointment of counsel is only warranted in extreme circumstances, and the district court has broad discretion to make such a decision." *Rager v. Augustine*, 760 F. App'x 947, 949 (11th Cir. 2019) (citing *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013)). "The Eleventh Circuit Court of Appeals has explained that 'the key' to assessing whether counsel should be appointed 'is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.'" *Frederick*, 2020 WL 13917782, at *1 (quoting *Kligo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)); *see also Ivey v. Snow*, 2006 WL 8431261, at *2 (N.D. Ga. May 9, 2006) (concluding—in the context of a civil appeal—that the "Plaintiff has not pointed to any such exceptional legal or factual issue in his case, and a review of this case leads to the conclusion that this case is not so exceptional as to justify appointment of counsel").

Our Plaintiff has made no showing that "extreme or exceptional circumstances exist . . . warranting the appointment of counsel"—nor has he claimed that his "appeal involves factual and legal issues so novel or complex as to require the assistance of an experienced appellate lawyer." *Latimer*, 2021 WL 9595996, at *2. Instead, the Plaintiff appears to want to appeal a simple question: Did we err in transferring his case to the Western District of Tennessee? The underlying filings are *far* from voluminous, and our legal analysis was as straightforward as it gets in federal court. And, while it may be more difficult for the Plaintiff to litigate his appeal because he's in the custody of Tennessee law enforcement (for reasons unrelated to this case), courts *routinely* deny motions to appoint counsel filed by incarcerated individuals litigating civil actions. *See, e.g.*, *Hicks v. Ferrero*, 285 F. App'x 585, 587 (11th Cir. 2008) (affirming a district court's denial of a prisoner-plaintiff's motion to appoint counsel);

*Stanley v. Ward*, 2022 WL 22715172, at *1 (S.D. Ga. Jan. 5, 2022) (denying a *pro se* prisoner's motion to appoint counsel in a civil case); *Moses v. Bobbitt*, 2021 WL 12254904, at *1 (S.D. Ga. June 21, 2021) (same). This thus *isn't* one of those rare civil cases in which we will appoint counsel.

* * *

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion to Appoint Counsel and for Referral to the Volunteer Attorney Program [ECF No. 48] is **DENIED**.

2. The Plaintiff still has until **June 29, 2024**, to "file a proper motion [to proceed *in forma pauperis*] and affidavit that complies with FED. R. APP. P. 24." May 29, 2024, Paperless Order [ECF No. 47].

3. Should we grant the Plaintiff's renewed motion to proceed *in forma pauperis*, the Plaintiff may then file a renewed motion for referral to the Volunteer Attorney Program. But he **may not** request that we appoint him counsel again.

**DONE AND ORDERED** in the Southern District of Florida on June 10, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Mark T. Stinson, Sr., *pro se*